CHAPMAN BROTHERS et al., Appellees, v. BOARD OF REVIEW OF CITY OF DES MOINES, Appellant.

No. 39718.

DECEMBER 13, 1929.

*Charles Hutchinson, F. T. Van Liew,* and *T. F. Mantz,* for appellant.

*George W. Graeser,* for appellees.

GRIMM, J.—M. H. Cohen, W. L. White heirs, and Len Harbeck are the owners of certain business property on one of the corners in the retail business section of the city of Des Moines. The assessor fixed the value of the property at $339,500. The plaintiffs, who are lessees of the said property, filed an objection with the defendant, board of review, which board heard the objections, and overruled the same. The plaintiff then appealed to the district court of Polk County, and that court, sitting in equity, reduced the assessment on said real estate by the amount. of $50,000. The board of review has taken this appeal. It appears of record that Silverberg and Lince have a 99-year lease on the property in question, and they, in turn, have given a long-time lease to Chapman Brothers.

At the time of the appeal, and for some time prior thereto, Chapman Brothers were occupying the premises with a retail store. The Silverberg lease contains the following clause:

"Whenever any taxes or special assessments may be paid in installments, the lessee shall have the right to execute in the name of the lessor and as her attorney in fact, such agreement or agreements as may be required or permitted by law to secure the right or privilege of paying such taxes or special assessments in installments, and the lessee shall thereupon pay said installments before they become delinquent. The lessee shall pay, prior to the termination of this lease, all deferred installments of any such taxes or special assessments."

The said lease also contains the following clause:

"The lessee shall have the right to contest the validity of any tax or special assessment payable by him, which he deems to have been illegally levied or assessed against said premises, and for that purpose shall have the right to institute such proceeding or proceedings in the name of said lessor as he may deem necessary, provided that the expenses incurred by reason thereof shall be paid by lessee, and provided further, it is necessary to use lessor's name in carrying on such proceedings."

The lease also provides that, as additional rental, the lessee shall pay, before they become delinquent, all regular taxes, special taxes, rates, and assessments of whatsoever kind or nature, levied against the premises.

The Chapman lease is in substantially the same form, and runs for a period of 25 years from September 1, 1923. The assessment was made on the 6th day of January, 1927. The objections which were filed, signed by Silverberg and Lince and Chapman Brothers, state, among other things:

"Comes now the undersigned, owner of the following described real estate, to wit: [describing it] and complains that the assessment * * * is excessive and inequitable and unjust, ·and is not in proportion to the assessment made on other and similar property in the same taxing district, and alleging that the assessed value should not exceed $225,000."

I. The appellant contends that the notice of appeal to the district court was not sufficient. It was addressed to the chairman of the board of review, naming him, and other members of  the board. Service was accepted by the chairman. A sufficient answer to the contention is that the board of review appeared in court, by its attorneys, and contested the appeal. This was a general, not a special, appearance.

II. The appellant also contends that the lessees had no authority, under the law, to contest the assessment in their own names. Section 7132 of the Code of 1927 reads as follows:

"Complaint to Board of Review. Any person aggrieved by the action of the assessor in assessing his property may make oral or written complaint thereof to the board of review, which shall consist simply of a statement of the errors complained of, with such facts as may lead to their correction, and any person whose assessment has been raised or whose property has been added to the assessment rolls, as provided in the preceding section, and any member of the board of review aggrieved by any action of the board of review of which he was, at the time complained of, a member, shall make such complaint before the meeting of the board for final action with reference thereto, as provided in said section."

Section 7133 is as follows:

"Appeal. Appeals may be taken from the action of the board with reference to such complaints to the district court of

the county in which such board holds its sessions, within twenty days after its adjournment. Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, and served as an original notice."

We have here a case in which the original lessees have a 99-year lease, which specifically provides that, as an additional rental, the lessee shall pay all taxes of every kind and character assessed against the property. These original  lessees filed the complaint and took the appeal to the district court, and they are appellees here. The sublessees, with a somewhat similar lease, joined in the original complaint and in the appeal to the district court, and they too are appellees in this cause. For the purpose of the consideration of the question involved, we may properly deal only with the rights of the original lessee. It is true, the owners granted to the lessee the right to use the name of the owner in any proceedings which the lessee might see fit to take in connection with taxation against the property involved, but the lease also gave definite authority to the lessee to contest the validity of any tax payable by him (the lessee) under the terms of the lease. There is here, then, a complete grant of power and authority by the owner to the lessee to do everything which the lessees did in this case, and more, because the owners authorized the lessee to proceed in the owner's name. The question is: Must the lessees, under such circumstances, proceed in the name of lessors, or may the lessee, as a "person aggrieved by the action of the assessor," file a complaint and prosecute the appeals? In *First Nat. Bank of Independence v. City of Independence*, 123 Iowa 482, the plaintiff bank filed its complaint before the board of review, and appealed to the district court, in the name of the bank, against an assessment on the shares of stock in the bank, which assessment was made against the stockholders, and not against the bank. The question was raised that the bank was not a proper party to file the objections or take the appeal. The court held that the bank was a proper party. An eminent authority has said, in speaking of who may make the complaint and take the appeals:

"If only 'a person aggrieved' may apply, it means those

whose pecuniary interests are or may be adversely affected." 3 Cooley on Taxation (4th Ed.) 2421, Section 1207.

"A tenant under a perpetual lease or under a lease for 99 years or more, subject to payment of a ground rent, may be considered the owner for purposes of taxation * * *." 26 Ruling Case Law 358.

See, also, *Penick v. Atkinson*, 139 Ga. 649 (77 S. E. 1055). This court has said:

"It is undoubtedly the general rule that the person who is in possession of land, claiming ownership and receiving the rents and profits thereon, is primarily liable for the payment of taxes. * * * And this is so whether he holds the legal title or only an equitable title." *Mitchell v. Mutch*, 189 Iowa 1150.

Under the record in this case, the parties who held the 99-year lease on the property in question were proper parties to make the complaint and perfect the appeal.

III. The appellant complains of the reduction in the assessment. The plaintiff introduced two witnesses who qualified as realtors, with years of experience and observation in the matter  of the valuation of real estate of the kind and character involved here, in the city of Des Moines. These witnesses considered nine different pieces of property in the immediate vicinity of, and of a similar character to, the property in question. Manifestly, no two pieces of property could be found exactly alike. However, the properties considered were in the retail district of Des Moines, and used for retail purposes, and near the property in question. These witnesses placed a value on each of these nine properties. The assessed valuation placed on each of said properties was then shown, and the ratio of actual value to assessed value was obtained. This ratio in each case was applied to the actual value of the property in question, and a resultant assessed valuation was calculated for the property in question. These results varied from $167,000 to $230,000. The average of the assessed valuations thus computed was less than $192,000. The assessor fixed the value for assessment purposes at $339,500. The court reduced the assessment to $289,500. The defendants offered no evidence on the question of valuation.

Under the present taxation laws, the theory is that all property shall be assessed at actual value. According to the testimony of the witnesses referred to, some pieces of property in the immediate vicinity of that in question were worth more than a million dollars, and assessed at less than $400,000. One piece of property, worth $800,000, was assessed at $259,000. Manifestly, the property in question was assessed for more, in proportion to its value, than other similar properties in the same assessment district. The court, in fixing the assessed valuation, was abundantly fair to the board of review. The case is—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.