UNION COUNTY BOARD OF REVIEW, appellant, v. HOTEL INVESTMENT COMPANY, a corporation, appellee.

No. 49496.

(Reported in 92 N.W.2d 397)

October 14, 1958.

Arnold O. Kenyon, of Creston, for appellant.

James B. Marsh, of Creston, for appellee.

Thompson, J.—On April 12, 1957, the county assessor of Union County notified the Hotel Investment Company, the owner of real estate in the city of Creston known as the Iowana Hotel, that its property was assessed at a value of $49,800. In May of 1957 the Union County Board of Review, the appellee in the lower court but the appellant here, fixed the assessed value at $64,750 and duly notified the owner. Appeal was taken to the lower court and after trial the assessment was reduced to the sum of $49,800 as fixed originally by the assessor. For convenience the Hotel Investment Company will be referred to hereinafter as the plaintiff and the Board of Review as the defendant.

I. Upon this appeal we are first met with a motion of the plaintiff to dismiss, upon the ground that after the decree in the lower court was rendered and judgment entered against the defendant for costs, the costs were paid and thereby the defendant acquiesced in the judgment and cannot now be heard to object to it. It appears that the costs were paid by the county auditor of Union County. That voluntary payment of a judgment by one against whom it is entered precludes an appeal is well settled in Iowa. Bates v. Nichols, 223 Iowa 878, 880, 881, 274 N.W. 32, 33, 34, and cases cited. We think, however, that the situation shown here does not come within the rule of the Bates case. We said in Smith v. Ellyson, 137 Iowa 391, 393, 394, 115 N.W. 40, 41, that payment by an interloper does not bar an appeal by the party adversely affected by the judgment. Acquiescence implies knowledge and consent. See Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153, 154. The burden is upon one claiming a loss of rights of an adverse party by acquiescence

to show the facts supporting his contention. Here no more appears than that the costs were paid by the county auditor. The auditor is not a member of the Board. It does not appear that this was done by direction of the Board, or with its consent, or even with its knowledge. So far as the record shows, the auditor was no more than an interloper. The asserted loss of right to appeal by reason of the payment of the cost judgment is not supported by the facts before us.

II. A procedural question involving the sufficiency of notice of appeal to the district court was raised in the trial court by the defendant, and error is assigned upon the ruling there. However, in view of our holding upon the merits of the appeal we do not find it necessary to determine the point involved in this matter.

III. The substantial issue before us is whether the assessment by the defendant, Board of Review, was inequitable with reference to other assessments of like property, or was grossly excessive, arbitrary or capricious. The trial court apparently placed its decision largely, if not altogether, upon what it thought to be an excessive assessment, above the actual value of the property. Our decided cases in the past have laid down clear rules which must be applied to this class of litigations. When applied to the fact situation in the case at bar, we conclude they require a reversal of the decree from which appeal is taken.

(a) Taking up first the question of inequity of the assessment in comparison with other properties of like nature, we agree with the defendant-appellant here that there is a failure of proof. The property in question is the Iowana Hotel in Creston. It is a valuable hotel property, too large for the present needs of the city and perhaps in a mediocre state of repair and upkeep. There is no other hotel property of any fair similarity with which to compare it. The record shows the assessments upon other business properties in the city and near to the hotel in location. But they are not similar properties; they are used for entirely different purposes and their value is governed by many other different considerations. See Clark v. Lucas County Board of Review, 242 Iowa 80, 90, 44 N.W.2d 748, 753, 754, a case involving a hotel property in the city of Chariton; and Deere Manufacturing Co. v. Zeiner, 247 Iowa 1364, 1375,

1376, 78 N.W.2d 527, 534, 79 N.W.2d 403. It is true that in the case before us the relation of the income of other business properties in proportion to the taxes was shown, and it appears that the assessment complained of will exact a higher proportion of the income from the hotel property to pay it than is true of the others. But we must apply the rule expressed in several cases, that the presumption obtains that the valuation fixed by a Board of Review is equitable and just. Haubrich v. Johnson, 242 Iowa 1236, 1246, 50 N.W.2d 19, 25; Clark v. Lucas County Board of Review, supra, pages 97, 98 of 242 Iowa, page 751 of 44 N.W.2d; Benson v. Town of LeClaire, 185 Iowa 506, 508, 170 N.W. 747, 748.

We cannot say that a showing that a larger proportion of the income of the hotel property will be required to meet taxes in comparison with other business buildings entirely dissimilar in use and in construction is sufficient to overcome the presumption which obtains in favor of the assessment fixed by the Board of Review. Inequality must be shown by proof of assessments of similar property. J. Rosenbaum & Sons, Inc., v. Coulson, 246 Iowa 848, 859, 69 N.W.2d 403, 409. We find no sufficient showing of inequitable assessment.

(b) The presumption referred to above applies likewise to a claim that the assessment is excessive. The burden is upon the taxpayer to demonstrate that the presumption has been overcome. In fact, the burden is a somewhat heavy one. The position of the courts is well set forth in this language:

"Courts will not grant relief from an assessment because of mere difference of opinion as to values. But where it is manifest the assessment is grossly excessive, and a result of the exercise of the will and not the judgment, relief will be granted." In re Appeal of Dubuque-Wisconsin Bridge Co., 237 Iowa 1314, 1316, 25 N.W.2d 327, 328. In the same case (on the same pages just above) it is said: "If his [the assessor's] action is not arbitrary or capricious or so wholly out of line with actual values as to give rise to the inference that he has not properly discharged his duty the assessment made by him and confirmed by the board of review should not be disturbed by the courts."

So in Clark v. Lucas County Board of Review, supra, page 97 of 242 Iowa, page 757 of 44 N.W.2d, the rule is thus stated:

"The burden on the complaining taxpayer is not met merely by showing a difference of opinion between his witnesses and the assessor, unless it is manifest that the assessment is grossly excessive and is a result of the exercise of the will and not of the judgment."

A careful discussion of the rules involved here is also found in Deere Manufacturing Co. v. Zeiner, supra, at pages 1376 and 1377 of 247 Iowa, and pages 534 and 535 of 78 N.W.2d.

■ Whether the assessment is the result of the judgment of the assessor, or of the Board, it must stand unless it appears it is so grossly excessive that it appears to be arbitrary and capricious and not the result of fair judgment, but of his or its will wrongfully exercised. We find no showing here which meets this test. A brief résumé of the facts may be helpful.

The Iowana Hotel was built in 1920. It is owned by the plaintiff, Hotel Investment Company, and is leased to the Iowana Hotel Company for $1000 per month. This will be increased, under the terms of the lease, to $1250 per month beginning January 1, 1959. In 1955 the gross return from room rentals was $55,599.10, and from subrentals $3780, or a total of $59,379.10. These rentals were apparently received by the lessee, the Iowana Hotel Company. The total rentals have been declining since 1953. The 1956 taxes on the real estate were $6174.30 figured on a valuation of $64,750, the same fixed by the Board in 1957 for the ensuing four years and which is challenged in this action. The lease requires the tenant to keep up the inside and outside of the building under its terms.

For depreciation purposes the plaintiff-company fixes the value of the building at $240,000. Arthur J. Nord, the secretary-treasurer of the plaintiff, testified that the original cost of the building, including land, was $345,000, and estimated its replacement cost as of the time of the trial would be from $500,000 to $600,000. It is insured for $180,000. T. P. Roberts, an insurance agency operator in Creston, said that he valued the building at $200,000 for insurance purposes. Edward Gustus, the principal stockholder in the Iowana Hotel Company, fixed the value of the building at "between $120,000 and $140,000." E. A. Boss, owner and operator of many hotels, fixed the value at between $125,000 and $150,000, but said: "I base that valu-

ation on the lease." Mr. Gustus said the gross room rentals for 1956 were about $49,000. The average room occupancy for seven months in 1957 from February through August was slightly above 43%. Not much has been done in the way of renewals and replacements to the heating and plumbing since the hotel was built in 1920, but it is operable.

J. A. Worsley, chairman of the Board of Review, testified that the Board fixed the value of the hotel at $225,000, then took one half of that figure to compensate for what they thought to be an inflationary increase and which the assessor testified was in accordance with instructions from the Iowa State Tax Commission. The figure of $112,500 so reached was then the actual value; and the Board, in accordance with Code section 441.13, took 60% of this as the base for the assessment. This figure was then $67,500; but Mr. Worsley said the Board actually made the assessment base $64,750 because that was the same figure used four years before for this building.

The assessor, who had first fixed the assessment base at $49,-800—the figure reached by the trial court—testified that since making the assessment he had come to believe the value of the building was "considerably more than my estimate." Mr. Nord said the gross income from the building for 1956 was $11,875. The 1956 taxes, figured on the same tax base of $64,750, were $6174.30; and it is urged upon us that the fact that the taxes are slightly more than one half of the total income is in itself sufficient indication that the assessment is excessive. On the other hand, during 1953 there were paid off $6500 in first mortgage bonds, and in 1956, $5000 were retired. At the time of the trial $53,000 in mortgage bonds were still outstanding. Beginning with 1959 the lease will bring to the plaintiff $3000 per year in additional income.

It is true that the requirement of so much of the gross income to pay taxes is not a happy situation. But it is not conclusive that the assessment is excessive, arbitrary or capricious, so grossly so as to show an exercise of the will rather than of the judgment, by the Board of Review. Heavy taxes on real property are no novelty in Iowa. They are often burdensome. But the local taxing bodies must raise the money to operate their various political subdivisions. If they assess equitably, without

discrimination, and to the best of their fair judgment, the courts, in line with the authorities above-cited, cannot interfere.

Section 441.13 (second paragraph) of the Iowa Code, supra, contains this language: "In arriving at said actual value the assessor shall take into consideration its productive and earning capacity, if any, past, present, and prospective, its market value, if any, and all other matters that affect the actual value of the property; and the burden of proof shall be upon any complainant attacking such valuation as excessive, inadequate, or inequitable."

We have pointed out that there is no comparison in the record with any similar buildings in Creston to support the charge that the assessment is inequitable. In fact, Mr. Nord, an official of the plaintiff-company, said: "There is no other building in Creston of similar construction." Mr. Boss, an important witness for the plaintiff, destroyed most of the weight of his estimate of value by saying that he based it on the lease. He did not take into account all the other factors which the statute requires to be considered in arriving at actual value.

We find no sufficient showing here which supports a charge of inequality or discrimination in assessment, and no evidence that the Board of Review was not fairly exercising its best and honest judgment. At the most, there is only a difference of opinion between the property owner and the Board as to values. The authorities heretofore cited are conclusive that something more must be shown before the plaintiff can prevail.

The decree and judgment of the trial court are reversed, with directions to enter a decree affirming the assessment made by the defendant, Board.—Reversed.

All Justices concur.