ETTA ILO MASON, appellee, v. BOARD OF REVIEW, MADISON COUNTY, IOWA, appellant.

No. 49591.

(Reported in 93 N.W.2d 732)

292

DECEMBER 16, 1958.

Emery L. Goodenberger, County Attorney, and Daniel J. Gallery, both of Winterset, for appellant.

Webster & Frederick, of Winterset, for appellee.

HAYS, J.—This appeal is from the judgment of the trial court reducing the assessed value of plaintiff's property as established by the Board of Review of Madison County, Iowa.

To ascertain property values in the county for taxation in 1957, the county employed the Doane Agricultural Service of St. Louis, Missouri, to make an appraisal of property in the county. This was done. The county assessor checked their figures, established the values and computed the assessed value. On objection by plaintiff to the Board of Review, plaintiff's valuation was reduced by 10%. On plaintiff's appeal to the district court, a further reduction was made from which the Board has appealed. Plaintiff's contention before the Board and the trial court was that the assessed value of her property was inequitable as compared with similar properties in the area.

■ On an appeal based upon inequitable assessments as compared with other similar properties the first requisite is that there are such similar properties, and second, that an inequality exists. Daniels v. Board of Review, 243 Iowa 405, 52 N.W.2d 1; J. Rosenbaum & Sons, Inc., v. Coulson, 246 Iowa 848, 69 N.W.2d 403; Deere Mfg. Co. v. Zeiner, 247 Iowa 1364, 78 N.W.2d 527, 79 N.W.2d 403.

■ Under section 441.13, Code of 1954, the burden of proof rests upon the taxpayer to establish such inequality. Much has been said in our decisions to the effect that the assessment entered by the assessor is presumptively correct, and also to the effect that where the assessor merely accepted the valuations fixed by professional appraisers, such a presumption does not prevail. Iowa Building Corp. v. Zirbel, 237 Iowa 242, 21 N.W.2d 576; Haubrich v. Johnson, 242 Iowa 1236, 50 N.W.2d 19. However, the above authorities all hold that irrespective of the question as to a presumption, the burden of proof remains upon objector. As is said in Haubrich v. Johnson, supra, page 1247, and quoted in Deere Mfg. Co. v. Zeiner, supra, at page 1375 of 247 Iowa, "it is established that the courts will not lightly overturn the decision of the taxing bodies." Whether or not, in the instant case, we accept appellee's contention, concurred in by the trial court, that no presumption prevails is of no consequence, the burden is still appellee's. See also Union County Board of Review v. Hotel Investment Co., 250 Iowa 59, 92 N.W.2d 397.

The property in question, known as the Winterset Motor Company, a Ford agency, is located near the northeast corner of the public square in Winterset, Iowa. It was constructed in 1918 as a garage and has been continuously so used. It has a full basement with two floors above, is of concrete and steel construction and, under the record, is rated as fireproof. Except for a six-room apartment on the second floor, which is occupied by the owner, the entire space is used in the Ford agency business at a monthly rental of $300. There is undisputed testimony in the record that due to increased length of newer models of cars the facilities are not entirely adequate or satisfactory. There is also undeniable evidence there has been an overbuilding of garages in Winterset during the last quarter of a century. Many buildings originally built or used for commercial garages are now being remodeled for other uses or are being used as seed or implement stores. These facts were recognized by the Board of Review and an over-the-board reduction of 10% was made in the assessor's values, as to this type of property.

The record shows that the system of valuation used by the Doane service was uniformly applied as to all properties through the county. This system was reproduction less depreciation. More specifically a reproduction or replacement figure was established and from this was deducted a physical depreciation which established the normal value. This value is explained by the Doane representative as "the value that would be obtained if all the conditions under which the building was constructed were in existence at the time of the examination." From this normal value is deducted a functional depreciation, the result being the actual value. This value represents the value after taking into consideration the features that reduce the value of the building below what it would be from a physical standpoint. The replacement value is reached by examining the building, determining the size and type of construction and from that obtained out of the schedules the price it would cost to reconstruct a building of that size and construction. The schedule is based upon local costs. That such a system is approved see Daniels v. Board of Review and Deere Mfg. Co. v. Zeiner, both supra.

For the purpose of showing inequality appellee called three local men, a banker, a real-estate broker and an insurance agent, who testified as value experts. Nine other properties within the business section of Winterset were used as a basis of comparison. All of them were or had been used as garages, and, if not now being so used, were occupied by a feed or implement business. Each of these buildings was included in the additional 10% functional depreciation allowed by the Board of Review, as above set forth.

None of these properties was fireproof. They were all single-story structures and with one exception occupied much less ground space than did appellee's property. None of these witnesses claims any distinct similarity between these buildings and appellee's, other than the fact that they were now, or at one time had been, used as garages. The trial court, while accepting them as similar properties, has this to say, "While many of these properties are not of the same construction, are not of the same size, and are not in the same location, nevertheless, they are properties adapted to or used as a garage or a place of conducting the sale of implements * * * or machinery." With all due respect to the learned trial court, it appears that the use to which the building was being put determined the question of "similarity" required in the showing of "inequitable assessment as compared with other properties of a similar kind." In the Daniels case, supra, the properties used for comparison were used for farming as was the property there in question, but this was held to be insufficient. Appellee cites Chapman Bros. v. Board of Review, 209 Iowa 304, 228 N.W. 28, to the effect that properties in same retail district used for retail purposes, near the property in question, are proper for a comparison. While, generally speaking, the case does so state, the court therein says they are similar properties without further elaboration. Under this record we find nothing in the cited case that applies here.

██ ██   Even assuming the other properties to be similar, which we do not, we are unable to find wherein appellee sustained her burden. All three witnesses called by appellee accepted as correct the actual value placed upon appellee's building by the Board, or at least did not question it. As to

the other properties they each testified that the value they placed on the same was the "market value", "sale value", what they could sell it for with a ready seller and a ready buyer. It is appellee's theory that "market value" and "actual value" are the same. While this may be true under certain situations it is not so considered upon questions such as we are now considering. In re Appeal of Bankers Life Co. v. Zirbel, 239 Iowa 275, 31 N.W.2d 368. The trial court relied entirely upon the "market value" of the properties, as expressed by appellee's three witnesses, in making a comparison, completely casting aside the basis used by the assessor in ascertaining values. In effect the burden of upholding the assessment was placed upon the Board rather than being placed upon the appellee to show the same to be erroneous. As to this the court said:

"This court * * * cannot compare the various valuations of the various buildings upon the reproduction * * * figure for the reason that this court has no evidence before it as to how the same were figured and no evidence as to whether or not the formula used was fair and reasonable in the City of Winterset * * *. Therefore, this court will be required to compare the assessed valuation * * * upon a different basis * * *."

This is not in accord with our pronouncements, above set forth.

While the record contains many figures, tabulations and comparisons, we feel they would in no way be beneficial if set forth herein, in view of our holding that no basis for a comparison appears in the record.

The judgment of the trial court is reversed and remanded with directions to confirm the decision of the Board of Review.—Reversed.

All JUSTICES concur.