In The Matter of The Application of The City of Cedar Rapids to Condemn Lands For a Public Park.

1. **Cities and Towns:** POWERS: PUBLIC PARKS. The powers of cities and incorporated towns, through their councils, to purchase and condemn lands for public parks, to pay for the same out of the general fund, and to exercise control over the same, under the provisions of sections 470 and 476 of the Code, was not divested by the enactment of chapter 151 of laws of the Twentieth General Assembly, which vests said powers in three park commissioners when such corporations shall, in their discretion, provide by ordinance for the election of such officers.

2. ———: ———: ———. The provisions of the sections of the code above cited, which authorize payment for lands purchased or condemned for park purposes out of the general fund, are not inconsistent with, and are not repealed by, chapter 151 of laws of the Twentieth General Assembly providing for the levy of a special assessment for that purpose, when sanctioned by a vote of the people.

3. ———: ———: ———: LIMIT OF INDEBTEDNESS. It is no defense to condemnation proceedings begun by the city for such purpose that the general fund is insufficient to defray the current expenses of the city, and that the city is already indebted beyond the constitutional limit; neither is it any defense to such proceeding, that the owner of the land sought to be condemned is thereby prevented from selling and conveying said land.

*Cross Appeals from Linn District Court.*—HON. J. H.
PRESTON, Judge.

### WEDNESDAY, MAY 11, 1892.

THE city of Cedar Rapids, existing under special
charter, filed application in due form to condemn
certain tracts of land for a public park, one of which
belongs to Ely E. Weare. Mr. Weare, being served
with notice, appeared and filed answer in five divisions
or paragraphs, objecting to the condemnation of his
land for reasons stated. The city demurred to the
answer upon the ground that, for reasons set out, the
facts stated do not constitute a defense to the applica-
tion. The demurrer was sustained to all parts of the
answer except the third division, to which Mr. Weare
excepted, and was overruled as to the third division,
to which the city excepted. Both parties elected to
stand upon their exceptions, and, refusing to further
plead, judgment was entered dismissing the appli-
cation. Both parties appeal. The city having first
perfected its appeal, it will be designated "appellant."
*Reversed.*

*N. W. McIvor* and *F. C. Hormel*, for appellant.

*Smith & Clemons* and *C. J. Deacon*, for appellee.

GIVEN, J.—I. The powers conferred upon munici-
pal corporations must of necessity be exercised by such

1. CITIES and
towns: pow-
ers: public
parks.

boards, officers or agents as are author-
ized by law. It is not questioned but that,
prior to the enactment of chapter 151
of laws of the Twentieth General Assembly, cities and
incorporated towns had power through their city
councils to purchase or condemn, and pay for out
of the general fund, lands for public parks, and to
have entire control of the same. Code, secs. 470 and

476. The exercise of this power was exclusively in the discretion of the city councils, and did not require a vote of the electors. Section 479 makes these provisions applicable to cities acting under special charters. It is contended that chapter 151 of laws of the Twentieth General Assembly divests city councils of the right to exercise these powers, and vests it in the park commissioners. That chapter provides that cities acting under special charters and cities and incorporated towns may provide by ordinance for the election of three park commissioners, but it is left discretionary with each city and town whether to do so or not. It also provides that "said park commissioners shall have exclusive control of such parks, and shall manage, improve and supervise the same," and that they may use the fund derived from the tax authorized by said chapter "for improving such parks, or for purchasing additional grounds or laying out and improving avenues thereto, and do all things necessary to preserve such parks." It is clear that in cities or towns having park commissioners the exercise of these powers belong to them exclusively, and equally clear that when they have not, the power to purchase or condemn lands for a public park and to improve and care for the same is to be exercised by the corporation through its council. The city of Cedar Rapids not having park commissioners, the exercise of these powers remains in its city council.

II. It is contended that under said chapter 151 the city has no power, through its council or otherwise, to purchase or condemn lands for use as a public park without a vote of the electors authorizing it. We have seen that under section 470 of the Code, the city, through its council, might "purchase or condemn, and pay for out of the general fund, lands * * * for the use of public squares, streets, parks," etc., without a vote of the electors

authorizing it.   Section 3 of said chapter 151 (655 McClain's Code) authorizes the councils of such cities and incorporated towns to submit to a vote "the question whether there shall be levied upon the assessed property thereof a tax not exceeding two mills on the dollar for the purpose of purchasing real estates for parks and the improvement of parks, or for either or both of said purposes."   Section 4 provides for levying and collecting said tax if approved by a majority vote, and section 5 provides that the park commissioners "may use said fund for improving such parks, and for purchasing additional grounds, and laying out and improving avenues thereto."   This chapter 151 does not expressly repeal or amend any existing laws.   Under familiar rules, these several statutes relating to this same subject must be construed together, and effect given to all, if possible.   *Casey v. Harned*, 5 Iowa, 10; *Ament v. Humphrey*, 3 G. Green, 258.   The one authorizes expenditures from the general fund for the purchase and improvement of land as a park; the other authorizes an additional levy for the same purposes, if sanctioned by a vote of the electors.   There is no conflict in these provisions.   The latter provides an additional source of revenue for the same purpose.   The reason for this additional provision may be found in the fact that the levy for the general fund out of which current expenses are paid is limited to ten mills, and does not, therefore, always afford the needed means for park purposes.   We are in no doubt but that it is within the power of the city of Cedar Rapids, through its council, "to purchase or condemn, and pay for out of the general fund," lands for a public park without a vote of the electors.

III.   The matters set up in the other parts of the answer are in substance these:   That the city is without

3. ___. ___: ___: funds to pay for the land, for the reason
limit of indebt- that it has levied to the limit allowed
edness.

for the general fund; has not any special levy for this purpose; that the general levy is insufficient to defray current expenses, and that the city is indebted beyond the constitutional limit; that the owner, Mr. Weare, is desirous of selling his land, and is prevented by this proceeding; that the city is not seeking the land for park purposes, but to develop and build up the unsettled portion in that direction; and that a park is not necessary to the health and comfort of the people. The right to purchase or condemn lands for use as a park is conferred upon cities and incorporated towns without restriction as to their ability to pay therefor. The land owner is not concerned in their ability to pay, as he is not required to give credit. If he sells, he may demand payment in cash; and, if his land is taken by condemnation, he cannot be disturbed in his title or possession until the value as found is fully paid. Code, section 477; section 18, article 1, Constitution of Iowa. It is for the corporation alone to determine upon its ability to pay, and whether condemnation will be asked; and when asked in the manner provided, it is for the courts to grant it upon the terms fixed in the law. It is not for the owner or the courts to inquire as to the ability or necessity of the corporation. Those matters are left to the judgment of its proper officers. It is expressly provided that, "when it shall be deemed necessary by any such corporation to enter upon or take private property," application in writing shall be made to the court. Code, section 476; *Town of Cherokee v. Town Lot, etc., Co.*, 52 Iowa, 280. As payment in full must be made, either upon purchase or condemnation, it cannot be said that the city thereby incurs an indebtedness; therefore the plea of the constitutional limitation of indebtedness is no defense. The pendency of a proceeding to condemn does not necessarily prevent the owner from selling and conveying his land, but, if it

did, that would be no defense to the right to condemn. If it were, condemnation never could be had, as the proceeding must be as much a hindrance in one case as another.

We are of the opinion that the demurrer should have been sustained to the entire answer. The judgment of the district court is affirmed on the appeal of Mr. Weare, and reversed on the appeal of the city of Cedar Rapids. REVERSED.