J. M. ORVIS, Appellant, v. BOARD OF PARK COMMISSIONERS OF THE CITY OF DES MOINES *et al.*, Appellees.

Municipal Corporations: INDEBTEDNESS: CONSTITUTIONAL LIMITATION: POWERS OF PARK COMMISSIONERS. The board of park commissioners created in certain cities, under chapter 1 of Acts of the Twenty-fourth General Assembly, is not a distinct municipal corporation, having an independent municipal existence within the territorial limits of such cities, but exists as an aid to the general government of the city by which it is elected, and the indebtedness of such board is that of the city for which it exists within the meaning of section 3, article 11, of the constitution.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, OCTOBER 3, 1893.

BY the petition it appears that the plaintiff is a resident and taxpayer of the city of Des Moines; that the defendant board was elected by the legal voters of said city at the city election in April, 1892; that said board has certified to the county auditor of Polk county a tax of one mill on the dollar of the assessed valuation of the taxable property of said city for assessment and collection; that the board has prepared, in amount, three hundred thousand dollars of park bonds, which it proposes to sell in the market; that it has entered into negotiations for the purchase of real estate for park

purposes, and is proceeding to condemn real estate, under the law, for such purposes, and proposes to use the proceeds of said bonds, when sold, to pay for said real estate, and the taxes, when collected, in part, for the payment of the interest on said bonds; that, independent of the indebtedness to be created by the action of said board, the indebtedness of the city of Des Moines is equal to the full amount authorized or permitted by the constitution of the state; and that the indebtedness of the said board, as proposed, would be in excess of the constitutional limitation, and void. The petition contains some other averments, not necessary to be noticed here, and asks that the parties be enjoined from selling the bonds or collecting the taxes, and that the proceedings of the board, and the law giving rise thereto, be declared void. To the petition there was a demurrer, which the court sustained, and from a judgment dismissing the petition the plaintiff appeals.—*Reversed.*

*William Connor*, for appellant.

*Bishop & Wilcoxen*, for appellees.

GRANGER, J.—The defendant board of park commissioners was elected by the legal voters of the city of Des Moines in pursuance of the provisions of chapter 1 of Acts of the Twenty-fourth General Assembly. The act is entitled, "*An act to establish a board of park commissioners in certain cities of the first class, defining their powers and prescribing their duties.*" It will conduce to clearness if we here state, somewhat at least, the claims of counsel as to the character of this board. By the appellant it is urged that it is an agent or the instrumentality in aid of, or acting for, the city government, so that the indebtedness created by it becomes the debt of the city. On the other hand, it is maintained that by the act creating the board a new

municipal corporation was created, territorially the same as the city of Des Moines, but entirely independent, and for definite and specified purposes, of which the board is the governing power. It is provided by section 3, article 11, of the constitution of the state, that "no county or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation." If the tax certified to the county auditor by the board of park commissioners, and the bonds it proposes to place upon the market, would increase the indebtedness of the city of Des Moines, as a city, they are invalid, under the admitted facts of the case, for it is conceded that, aside from such tax and bonds, the city is indebted to the full amount of its constitutional authority. It is not to be, nor is it, we think, doubted that the bonds, if issued, would constitute a debt payable by the people, and from the taxable resources within the city of Des Moines. If, then, they are to be held valid, it must be on the theory of another legal entity, embodying precisely the same constituent elements as the city of Des Moines, for and on behalf of which the board of park commissioners is a delegated authority. No legal name is attempted to be applied to this independent existence, other than that it is a municipal corporation, and such it is urged to be in argument, and the conclusion of the district court was that the act created another such corporation.

The specific question, then, is: Is the effect of the act of the twenty-fourth general assembly such that, to the territory embraced within the city of Des Moines, there is added a second municipal corporation, independent of the other, in its authority to create indebtedness. We must look to the act for a solution of the problem. By the first section it is provided that in

each of the cities of the class specified there shall be elected, by the legal voters of the city, three park commissioners. The second section provides for their organization as a board, and for the election by them of a treasurer who "shall receive, keep, and pay out all moneys belonging to, or under the control of, said commissioners, as ordered by them." It is then provided that the commissioners may certify to the county auditor the per cent. of taxes necessary for park purposes, under certain limitations as to amount, which taxes are to be collected and paid over to the treasurer of the board. The board is authorized to acquire real estate or other property within the city, for park purposes, by donation, purchase, or condemnation, and to sell and exchange the same. The board may make contracts, sue and be sued, and issue bonds for the payment of real estate. By the terms of the act the title to all real estate within the city for park purposes "shall be held by the commissioners in trust for the public, shall be exempt from taxation of every kind and nature, and from all debts and liabilities of the city." The board is, in express terms, invested with full control of the parks in the city. In a word, it may be said that, aside from the selection of the commissioners, the city government, as distinct from the board, is divested of all authority in relation to the parks of the city. We think it very manifest that the board is, by the act, invested with corporate authority independent of the city government, that is, the general government of the city, while it seems to be in aid of it.

But from what are we to infer that the legislature intended that these acts of the board, or the existence of the board itself, should be with reference to a new municipal corporation, instead of the one already existing? The act contains no words indicative of a purpose to create a new corporation, but it does treat of corporations already in existence. It is said by the appellees

that it is to be inferred from the nature of the authority granted to the board, its powers being of a corporate nature. Why infer a legislative intent to create a new corporation merely from the nature of the powers delegated, when the exercise of those powers has precisely the same relation to, and effect on, the city of Des Moines, or other cities of that class, as it would have on the new corporation? There is not a power granted nor duty assigned under the law that can not as well be exercised or discharged in behalf of the present corporations as in behalf of those contended for under the limitations of the law as to indebtedness. It is well to plainly say that, barring a supposed or real necessity for avoiding the constitutional inhibition as to the indebtedness of cities, there is neither motive nor reason to claim that the act ingrafts upon each of the cities of the class described another and independent corporate organization. It is true that such boards are sometimes incorporated, but in every instance coming to our notice it has been by an express provision to that effect. It is also true that corporate existence is sometimes implied from the nature of the authority to be exercised. Dillon on Municipal Corporations [4 Ed.], section 43. But it is never so implied unless the powers granted "can not be exercised and enjoyed" without it. *Id.* The act makes unmistakable reference to corporate bodies, the people, territory, and property of which are to be most affected by the legislation; and viewing the act as applicable to them, there is not a power granted by it that is not to be exercised by the board and enjoyed by such corporations, comprising the same persons, properties, and interests as the corporation proposed. This being true, the basis for an implied corporate existence, under any known rule of law, is entirely wanting. By this construction the law is not overruled, but it stands, in all its parts, to the benefit of the people, intended to be benefited by it,

with the board of park commissioners to administer it in accord with the legislative will.

If it be said that with such a construction the provisions of the act are not to be fully enjoyed by the city of Des Moines, because of its present debt, it may be said that the law, in none of its parts, purports to be a remedy or aid in such an emergency. We must assume that, if the legislature had such a purpose in view, it would have, in some form, expressed it. Whether or not the legislature could furnish such a relief, we are not to consider, for the act is absolutely without expression or inference relative to the subject. The powers granted by the act are, of course, to be exercised subject to constitutional prohibitions.

As further indicating the intent of the legislature, the appellant refers to the title of the act, and then to the constitutional provision as to what it must contain. It is as follows: "Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The title of the act expresses its subject as the "Board of Park Commissioners" in certain cities. It makes no reference to a corporation to be created by the act, and no one, to read the title, would understand that such a purpose was intended by the act. Hence, if so intended, it would be vulnerable to the constitutional provision. It can not properly be said that the board of commissioners is the subject of the legislation, if a new corporation was designed by the act, of which the board was to be the governing body. In such a case the corporation would have been the proper subject of the act, and the means of its government a matter "properly connected therewith." The title, "An act to establish a Board of Park Commissioners in

certain cities of the first class," etc., indicates on its face that the subject of legislation is with reference to *cities* then in existence; and, with a purpose to create new corporations, the title would be misleading, if not deceptive. Speaking of our constitutional provision, the court said in *State v. Judge of Davis County*, 2 Iowa, 280: "It was designed to prevent surprise in legislation by having matter of one nature embraced in a bill whose title expressed another." Mr. Cooley, in his work on Constitutional Limitations [6 Ed.], page 169, says: "Titles to legislative acts, however, have recently, in some states, come to possess very great importance, by reason of constitutional provisions which not only require that they shall correctly indicate the purpose of the law, but which absolutely control, and exclude everything from effect and operation as law which is incorporated in the body of the act, but is not within the purpose indicated by the title." Our purpose, in this particular branch of the opinion, is not to indicate that the act, because of its title, or the subject itself, is in any way invalid, because unconstitutional, but to more clearly show that the act, in none of its parts, gives evidence of a legislative purpose to create a municipal corporation. The utter silence of the act upon the subject, if it was intended, in the face of the constitutional requirement that it should be prominent, really forbids an inference of such a purpose. The case at times presents the thought of the board of park commissioners being a municipal corporation of itself. The existence of a municipal corporation, in the character of an organized board of persons, independent of a territory and people, could in no way subserve the purposes of the act in question. The board created by this act represents something, and that something is the city of Des Moines, or some other legal entity for which it exists and acts. If something else, what is it? It is said that it is a "park district." The act does not say so, but, on

the contrary, it provides for park districts only in case the commissioners do not agree upon "one park for the whole city," where more than one organized township is included in the city. It should be said that the appellees make no claim in this court that the commissioners constitute such a corporation, but are "simply the visible, directing force of the corporation." They also say, in argument: "The corporation consists of that territory, and all the persons and property included therein, which is coextensive with the boundary line of the particular city coming within the provisions of the act."

There is no phase of the case upon which we can sustain the conclusion that there is a new municipal corporation, by virtue of which the bonds and the indebtedness in excess of the constitutional limit upon the city of Des Moines are valid. A decree should be entered, restraining the sale of the bonds, or the levy of a tax for the payment of the interest thereon.

The judgment of the district court is REVERSED.