DES MOINES PARK BOARD, Appellant, v. CITY OF DES MOINES et al., Appellees.

No. 45135.

MARCH 12, 1940.

REHEARING DENIED SEPTEMBER 20, 1940.

Chauncey A. Weaver, for appellant.

F. T. Van Liew, B. J. Flick, Sam Orebaugh, Frank W. Davis and Geo. M. Faul, for appellees.

SAGER, J.—On March 16, 1939, the superintendent of parks of the city of Des Moines appointed Keeling custodian of Woodland cemetery. This appointment was confirmed by the city council. On April 7th the plaintiff Board, by majority vote, appointed Kounce custodian of the same cemetery. Both were in good standing under the civil service. On April 17, 1939, Keeling appealed to the civil service commission for confirmation which was given on the 23d day of May of the same year. The members of the park board, contending the power of appointment to be within their sole jurisdiction, sought by the writ to challenge the appointment of Keeling.

After the writ was issued, defendants filed their motion to set aside and to quash on the grounds: First, that it was issued without notice; and second, the plaintiff Board was not a corporation; was without power to sue or be sued and was merely a legal subdivision of defendant city for governmental purposes; that the district court was without jurisdiction for the reason that the real issue was the right to hold office, and that quo warranto was the only proceeding available to the contestants; and that the park board was not the real party in interest. The trial court deeming it unnecessary to consider all the grounds of the motion sustained it as having been improvidently issued for the reason that "plaintiff, Des Moines Park Board, has not legal capacity to sue or to be sued in this: Plaintiff is merely a board created as a legal subdivision of the City of Des Moines for governmental purposes, and the law has not clothed the plaintiff with corporate capacity or given it the right to sue or be sued."

The diligence and learning of counsel have invited us into many legal fields into which we find it unnecessary to enter. For the most part the authorities cited in the briefs deal with well understood principles of law not involved here. Appellant argues at considerable length over the propriety of the court having quashed the writ because "improvidently" issued. We regard this use of the term unimportant. The question was: Would the writ have issued under the circumstances if the court had been advised of the true situation?

Or should it have sustained the writ after learning of the questions actually before it and the legal status of the persons interested therein? The trial court held as stated that the plaintiff board had no capacity to sue. In so holding it was right.

An examination of chapter 293-D1, under which the plaintiff board was constituted, fails to disclose any of the characteristics of a distinct or corporate organization. Section 5813-d6, which defines its powers and duties, discloses that it is merely an agency or instrumentality of the defendant city and has no independent existence. So far as we have been able to determine wherever it has been the purpose of the legislature to authorize any of the agencies of government to proceed independently of parent municipality, the power to sue or be sued has been expressly given. See Code sections 5738 (cities and towns); 5798 (park commissioners); 5128 (counties); 4123 (school districts); 5822 (river-front improvement commissioners); and 6176 (board of waterworks trustees). It would be a strange doctrine to hold that the various boards and agencies set up by legislative authority to further the functions of municipal corporations could at will challenge its principal's actions or decisions.

We expressed ourselves on the general principles involved, in Orvis v. Park Commissioners, 88 Iowa 674, 680, 56 N. W. 294, 296, 45 Am. St. Rep. 252. That case is stronger against appellant than the one before us. We there held that park commissioners have no independent or corporate existence. A reading of the Orvis case indicates that the title of the act there under consideration is very much like the one which created the plaintiff, Park Board. As indicating the intent of the legislature we there discussed the fact that the title of the act made no reference to the creation of a separate corporation. We called attention to the constitutional requirement that the subject of every act should be expressed in the title. Following this discussion, Granger, J., speaking for the court, said:

"Our purpose, in this particular branch of the opinion,

908

is not to indicate that the act, because of its title, or the subject itself, is in any way invalid, because unconstitutional, but to more clearly show that the act, in none of its parts, gives evidence of a legislative purpose to create a municipal corporation. The utter silence of the act upon the subject, if it was intended, in the face of the constitutional requirement that it should be prominent, really forbids an inference of such a purpose."

What we have said makes it unnecessary to discuss the other matters argued in the brief. We hold that the trial court was right in its conclusion that the plaintiff had no power to sue and, therefore, properly quashed the writ. The decree of the trial court is accordingly affirmed.—Affirmed.

HAMILTON, C. J., and HALE, BLISS, RICHARDS, and MITCHELL, JJ., concur.