TOM OLSON et al., petitioners, v. DISTRICT COURT (DICKINSON COUNTY) and HONORABLE F. M. HUDSON, Judge, respondent.

No. 48219.

(Reported in 55 N.W.2d 339)

OCTOBER 1, 1952.

Cor. Van de Steeg, of Orange City, and Loth & Melton, of Fort Dodge, for petitioners.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for respondent.

OLIVER, J.—Iowa Great Lakes Sanitary District includes certain incorporated towns and unincorporated territory, all in Dickinson County. It was organized under chapter 162, Acts of the Fifty-first General Assembly (1945), entitled "AN ACT to create sanitary districts and to provide for sewage disposal and providing for the government, operation and financing of such districts." That Act, with some amendments, is now chapter 358, Code of Iowa 1950. The Code Editor placed it in Title XIV, entitled "County and Township Government."

In July 1952 a petition of voters of this sanitary district

was presented to Dickinson District Court, praying that the court order the question of the discontinuance of the drainage district submitted to its voters at the November 1952 election, under the provisions of section 362.11, Code of 1950, as amended. The court found the petition complied with Code section 362.11 but held section 362.11 was not applicable to this sanitary district, established under chapter 358. Hence, the district court denied the petition. This court ordered the issuance of a writ of certiorari to Dickinson District Court to review the proceeding.

Petitioners' case is based upon language in section 362.11, Code of 1950, that voters of "a municipal corporation" may petition for an election upon "the question of discontinuing such corporation." They contend the sanitary district, created by local election, with local self-government, control of its fiscal and other affairs, and with powers of legislation, general taxation, etc., is a municipal corporation.

Hanson v. City of Cresco, 132 Iowa 533, 537, 540, 109 N.W. 1109, 1111, which held a township although not a municipal corporation was a municipality within the purview of a certain statute, quoted from 1 Dillon, Municipal Corporations, 4th Ed., section 19, as follows:

"A municipal corporation, in its strict and proper sense, is the body politic and corporate constituted by the incorporation of the inhabitants of a city or town for the purpose of local government thereof."

The decision stated also:

"The term 'municipal' as used in defining a corporation, indicates by its historical meaning a corporation proper, as distinguished from a quasi corporation, and designates only cities and incorporated towns which have powers of local self-government, and, in strictness of meaning, would not include counties and school districts, although they are expressly declared by statute to be bodies corporate. But, in common speech, the term municipal corporation is used to include all public or political corporations having corporate powers." (Citing authorities.)

■ The text in 37 Am. Jur., Municipal Corporations, section 3, page 620, states:

"In its primary sense, however, 'municipal' means 'pertaining to a town or city or to its local government,' and it is in this sense that it is used in the phrase 'municipal corporation'."

■ However, this discussion is not directly in point. The real question is the construction of the statute. Otherwise stated, it is whether the procedure provided by Code section 362.11 and related statutes is limited to cities and towns. The purpose of statutory construction is to ascertain and declare legislative intent as expressed in the statute. In construing an Act or connected statutes the sections thereof should be considered together in the light of their relation to the whole. City of Dubuque v. Meuser, 239 Iowa 446, 452, 31 N.W.2d 882.

Sections 362.11 to 362.18, Code of 1950, are grouped under the subtitle "Discontinuance." This legislation originated in 1866 as chapter 142 of the Eleventh General Assembly, entitled "AN ACT to authorize incorporated cities, towns and villages to discontinue their corporations." Section 1 of the 1866 Act provides:

"That whenever one-fourth of the legal voters of any incorporated city, town, or village, in this State, shall petition the * * * Court * * * for the discontinuance of the same, it shall be the duty of each Judge to cause to be published * * * a notice stating that the question of discontinuing such incorporation shall be submitted to the legal voters of the same at the next annual city or incorporated election * * *."

Sections 2, 3, 4, 5, 6 and 7 of the 1866 Act provide for the form of ballot, majority required, payment of indebtedness, canvass of vote, deposit of books and records, notice of discontinuance, etc.

Section 1 of the original discontinuance Act of 1866 clearly shows it applies to incorporated cities, towns and villages only. That Act, with the word "village" omitted and other minor modifications, was adopted as sections 447 to 453, Code of Iowa, 1873, and was placed in chapter 10, entitled "Of Cities and Incorporated Towns" under the subheading "Discontinuance."

The next official Code was the Code of 1897, in which the discontinuance Act was re-enacted in substantially the same form as sections 604 to 609. The legislature placed those sections in chapter 1 "Of Incorporation" of Title V entitled "Of City and Town Government." Section 604 states in part:

"Upon a petition of voters equaling twenty-five per cent. of the number voting at the last preceding municipal election, petitioning the district court of the county wherein such corporation is situated for the discontinuance of the same, the court shall, thirty days next prior to the next annual corporation election, cause notice to be given that the question of discontinuing such corporation will be submitted to the legal voters of the same at the next annual corporation election, by publication at least once a week in a newspaper, if any, published within the limits of such city or town * * *. * * * the clerk of the city or town shall cause the ballots to be printed * * *."

The Act was carried into the Compiled Code of 1919. Sections 3473 to 3478 of that Code are the same as sections 604 to 609, Code of 1897.

In 1924 the Fortieth General Assembly, Extra Session, revised the Code and the "Discontinuance" legislation was re-enacted as sections 5598 to 5604, Code of 1924. These sections were placed in chapter 286, Incorporation, Title XV, City and Town Government.

Section 5598 provides:

"Upon a petition of the voters equaling twenty-five per cent of the number voting at the last preceding municipal election, to the district court of the county wherein a municipal corporation is situated, for the discontinuance of the same, the court shall, thirty days prior to the next regular city or town election, cause notice to be given * * * in a newspaper published in said city or town; if none be so published, then in one published in the county or counties in which said city or town is situated * * *. The clerk of the city or town shall cause the proposition to be printed on the ballots."

Sections 5599 to 5604, Code of 1924, are practically the same as sections 605 to 609, Code of 1897. Section 5599 refers to

canvass of the vote, etc. Section 5600 provides for the filing and adjudication of claims against the corporation and states: "Any citizen of such town or city * * * may appear and defend against any claim so filed * * *." Section 5601 provides for the payment of indebtedness, etc. Section 5602 states the records "of any city or town so discontinued shall be deposited with the county auditor of the county in which the council last held its sessions * * *. All court records of any mayor or other officer shall be deposited with the nearest justice * * * who shall have authority to execute and complete all unfinished business standing on the same." Section 5603 provides: "When the incorporation of any city or town shall have been discontinued, the clerk of the court shall cause a notice thereof to be published * * * and shall also certify the fact to the secretary of state and to the recorder of the county." Section 5604 refers to expenses.

Petitioners do not contend the discontinuance legislation in the 1866 Act or as it appeared in the Codes of 1873, 1897 and 1919 was applicable to a sanitary district. They take the position that in the Code of 1924 the changes were made which broadened the discontinuance legislation to include such corporations along with cities and towns. This contention is not well founded. Were the proposition doubtful, it could be argued section 5598, Code of 1924, was more clearly limited to cities and towns than section 604, Code of 1897, because in the Code of 1897 the reference is to "the next annual corporation election" while section 5598, Code of 1924, uses the words "the next regular city or town election." Sections 5599 to 5604, Code of 1924, are practically the same as sections 605 to 609, Code of 1897. In each are the same references to "such town or city", "any city or town", etc. There is no basic difference in the discontinuance legislation in the 1897 and 1924 Codes. The discontinuance legislation in sections 5598 to 5604 of the Codes of 1927, 1931, 1935 and 1939 is almost the same as in the Code of 1924.

In the Code of 1946 and the Code of 1950 the discontinuance legislation appears in Title XV, City and Town Government, chapter 362, Incorporation, under the subtitle "Discontinuance", as Code sections 362.11 to 362.18. Section 362.11 provides:

"Upon a petition of the voters * * * the court shall, thirty

days prior to the next regular city or town election, cause notice to be given * * * by publication * * * in a newspaper published in said city or town; if none be so published, then in one published in the county or counties in which said city or town is situated * * *. The clerk of the city or town shall cause the proposition to be printed on the ballots."

As amended in 1951 by chapter 144, section 3, Acts of the Fifty-fourth General Assembly, section 362.11 provides:

"Upon a petition of the voters equaling twenty-five per cent of the number voting at the last preceding municipal election, to the district court of the county wherein a municipal corporation is situated, for the discontinuance of the same, the court shall, thirty days prior to the next regular city or town election, cause notice to be given, that the question of discontinuing such corporation will be submitted to the legal voters thereof at said election. Such notice shall be published once each week for three consecutive weeks in the manner provided by chapter 618. * * *. The clerk of the city or town shall cause the proposition to be printed on the ballots."

Sections 362.12, 362.13 and 362.14, Code of 1950, are identical to sections 5599, 5600 and 5601, Code of 1924, reference to which sections has already been made. Section 362.13 retains the statement, already set out herein: "Any citizen of such town or city * * * may appear and defend against any claim so filed" (against the corporation).

Section 362.15 states: "The books, documents, records, papers, and corporate seal of any city or town so discontinued shall be deposited with the county auditor of the county in which the council last held its sessions * * *." All court records of any mayor or other officer shall be deposited with the clerk of the district court in the county where the office of mayor or other officer is situated, and a judge of said court shall have authority to execute and complete all unfinished business standing on the same.

Section 362.16 provides: "When the incorporation of any city or town shall have been discontinued, the clerk of the court shall cause a notice thereof to be published * * *."

Section 362.17 is the same as section 5604, Code of 1924, and refers to expenses.

In 1945, chapter 163, section 1, Acts 51st G. A., added to the discontinuance provisions a section concerning defunct corporations, now Code section 362.18 as amended. It has no bearing on this case.

In the eighty-five years since the original passage of the Act authorizing the discontinuance of cities and towns that legislation has been considered and modified by various legislatures. Except for the recently added section concerning defunct corporations the legislation now in effect does not differ fundamentally from that adopted in 1866. The notable aspect of the legislation is not the changes made in the Act by numerous amendments and several recodifications, but its retention throughout of its original basic characteristics. Hence, there is no room for any suggestion that the use of the words city and town in various sections of the legislation was due to legislative oversight or that such words are not to be taken literally.

 The construction of Code section 362.11 sought by petitioners would make certain other provisions of the Act meaningless and unworkable. Its adoption would result in the general term "municipal corporation" fixing the limits of the specific term "city" or "town." In effect, it would read out of the section the expressions "city" or "town." We are satisfied the legislative intent expressed in the language of Code section 362.11 was to limit to cities and towns the dissolution procedure therein provided. The trial court was correct in so holding.— Writ annulled.

MULRONEY, C. J., and BLISS, GARFIELD, WENNERSTRUM, SMITH, HAYS, MANTZ, and THOMPSON, JJ., concur.