BOARD OF PARK COMMISSIONERS of City of Marshalltown, appellee, v. CITY OF MARSHALLTOWN, appellant.

No. 48237.

(Reported in 58 N.W.2d 394)

MAY 5, 1953.

R. A. Rockhill, of Marshalltown, for appellant.

Haupert & Robertson, of Marshalltown, for appellee.

GARFIELD, J.—We quote from the brief of defendant-appellant city its Statement of the Case:

"This is an action for declaratory judgment by the Board of Park Commissioners of the City of Marshalltown against the city to have determined the authority of said board to certify and have levied by the council of said city a tax for permanent park improvements as provided by section 370.7, Code, 1950. Defendant city claims the levy of such a tax is subject to council control as to the amount thereof certified for levy and collection under the provisions of paragraph 8, section 11, chapter 159, Acts of the 54th General Assembly and it is not mandatory on the council to certify in full the amount demanded for levy and collection by said board under the authority of Code section 370.7.

"The trial court held Code section 370.7 was not repealed by chapter 159, Laws of the 54th General Assembly and by paragraph 8, section 11 of said chapter and it was mandatory on the city council to certify and levy for collection the amount of tax demanded by said board for permanent park improvements authorized under Code section 370.7."

Defendant's brief says these questions are presented by this appeal:

"1. Whether plaintiff board is an independent municipal corporation with co-ordinate and co-equal power with defendant city.

"2. Whether an authorization to levy a limited tax for a fixed term of years under Code section 370.7 is, by the subsequent enactment of chapter 159, Laws of 54th General Assembly, so changed or modified as to be subject to discretionary determination of the city council as to amount certified for levy and collection as other taxes for municipal purposes.

"3. Whether plaintiff board as a subordinate board of the city has legal power or authority to maintain this action against defendant and therefore was within the jurisdiction of the district court to render a declaratory judgment as prayed by plaintiff."

We will consider these questions in the order of their importance. We will first consider the second of the above questions, then the third, and finally the first.

 I. Defendant's argument on the second question is preceded by this proposition: "That chapter 159, Laws 54th General Assembly, modified the tax levying and certifying powers of plaintiff board authorized under Code sections 370.7, 370.8 so as to make it subject to discretionary control of defendant's council." We hold defendant is not entitled to a reversal on this proposition or on the other two propositions here argued.

The facts were stipulated or admitted in the pleadings. At the regular city election on March 26, 1951, plaintiff-board, pursuant to Code section 370.7, submitted to the electors the question of the levy of a further additional tax for park purposes not to exceed one mill on the dollar on all taxable property in the city for not exceeding ten years, to be used for the sole purpose of purchasing lands and permanently improving the same and lands theretofore acquired for park purposes, as provided in Code section 370.7. The proposition carried by a vote of 3005 to 1957.

Plaintiff-board certified to the city council in 1951 the additional tax authorized by the electors. The record does not show whether such certification was in mills or dollars nor the amount thereof. Defendant's argument states it was "a full mill." It is not claimed the amount certified exceeded that authorized by the voters or needed by plaintiff-board. The council refused to permit the amount plaintiff certified to be levied and only a part thereof (the record does not show what part) was levied.

The case was not heard until April 1952. It was stipulated relief was not sought based upon any certification by plaintiff in 1951 but a declaratory judgment was asked as to plaintiff's rights in the future in the certification and levy of

the tax authorized by the voters. It is apparent defendant contends it has the same right in future years as it claimed in 1951 to review the requests of plaintiff for the amount of taxes certified for permanent park improvements under Code section 370.8 and (to quote defendant's argument) it is "not mandatory that the council certify the full amount included by plaintiff in its proposed budget for" such improvements.

Code section 370.6 provides for the certification and levy of a tax for general park purposes. It is not here involved. Section 370.7, under which plaintiff-board proceeded in obtaining the vote of the electors, states: "Additional tax levy. In cities having a population of over twenty-five hundred, said board is further authorized to submit to the electors * * * the question of the levy of a further additional tax for park purposes, not to exceed one and one-fourth mills on the dollar on all taxable property of the city over any term of years not exceeding thirty, to be used for the sole and only purpose of purchasing and paying for real estate and permanently improving the same and lands theretofore acquired for park purposes."

Before the enactment of chapter 159, Acts 54th General Assembly, Code section 370.8, under which plaintiff certified the additional tax here in dispute, provided: "Certification and collection. When a majority of the electors of said city at any such election shall have declared in favor thereof, said board shall certify to the *county auditor* in each year and cause to be collected such additional tax during all of the years for which the same has been approved and ordered by the voters."

Section 370.8 was amended by section 38, chapter 159, Acts 54th General Assembly, effective July 4, 1951, by striking the words "county auditor", italicized by us, and inserting in lieu thereof the word "council." Thus under 370.8 as amended the board is required to certify to the council, not the county auditor, the additional tax voted by the electors pursuant to section 370.7.

Disregarding the two contentions later to be considered, it is clear and seems to be conceded there should be an affirmance unless Code section 370.8 is repealed or superseded by chapter 159, Acts 54th General Assembly. Section 370.8 places the mandatory duty upon the board to certify and cause to be

collected the additional tax "during all of the years for which the same has been approved and ordered by the voters."

It is significant that Code section 370.6, providing for the certification by the board and levy by the council of the tax for general park purposes, states the council "shall levy such tax *or so much thereof as it may deem necessary* to promote park interests * * *." (Italics added.) Section 370.8 contains no similar provision applicable to the additional tax "approved and ordered by the voters" pursuant to section 370.7 and certified to the council by the board under 370.8. The effect of defendant's argument is an attempt to read into section 370.8 such a provision as we have italicized from 370.6.

We are not persuaded that section 370.8 is repealed or otherwise superseded by chapter 159, Acts 54th General Assembly. It is not claimed chapter 159 expressly repeals section 370.8 although it expressly repeals Code chapters 404 and 406 and, according to our count, 46 other Code sections, and amends 58 Code sections, that are referred to by number. Alexander v. Town of Montezuma, 243 Iowa 251, 256, 51 N.W.2d 456, 459, which explains the underlying scheme and purpose of chapter 159, states the chapter repeals Code chapters 404 and 406 "and refers to, amends, and repeals over 100 other Code sections."

Indeed, as we have observed, section 38 of chapter 159 amends this very Code section 370.8, above-quoted, by substituting "council" for "county auditor." It is scarcely conceivable the Fifty-fourth General Assembly would amend section 370.8 in this respect if the same legislature intended by the same Act to repeal or supersede this section as defendant contends. There was no reason for the amendment unless the section, as amended, was to continue in force.

It is also significant that section 39 of chapter 159 expressly repeals Code sections 370.25 and 370.26, and sections 40, 41 and 42 of chapter 159 amend Code sections 370.28, 370.29 and 370.30 respectively in the same way that section 38 (chapter 159) amends Code section 370.8. And section 43 of chapter 159 amends Code section 370.31. All these Code sections are in Code chapter 370.

██ Since it is not asserted chapter 159 expressly repeals section 370.8, defendant necessarily relies upon the claim the

chapter repeals 370.8 by implication. As defendant concedes in argument, repeals by implication are not favored by the courts. They will not be upheld unless the intent to repeal clearly and unmistakably appears from the language used and such a holding is absolutely necessary. The general rule is that if by any fair and reasonable construction prior and later statutes can be reconciled both shall stand. Yarn v. City of Des Moines, 243 Iowa 991, 997, 54 N.W.2d 439, 442, and citations.

The rule that repeals by implication are not favored has special application to important public statutes of long standing. Ibid. and citations. Section 370.8 in its present form was enacted in 1919 as paragraph 4, section 1, chapter 312, Acts 38th General Assembly, and somewhat similar preceding statutes were enacted much earlier.

There is no language in chapter 159 from which an intent to repeal section 370.8 clearly and unmistakably appears. The change heretofore mentioned in section 370.8 under which the board certifies the additional tax to the council rather than to the county auditor effects no repeal of 370.8. Nor does it authorize the council to reduce the amount of the tax "approved and ordered by the voters" and certified by the board. This amendment to 370.8 merely changes the agency to whom the board must certify the tax and may well have been enacted merely for the information and convenience of the council.

Defendant's main contention is that section 11, chapter 159, supersedes or modifies Code sections 370.7 and 370.8 so the additional tax there provided for is subject to control of the city council. Section 11 provides: "Recreation. Municipal corporations shall have power to annually cause to be levied for a fund to be known as the recreation fund a tax not to exceed five (5) mills on the dollar * * * and allocate the proceeds thereof to be used for the following purposes:". There follow nine numbered, specified purposes for which municipalities have power to make an annual levy for "the recreation fund." Paragraph 10 adds, "For any other purpose having to do with recreation, specifically authorized by law." Defendant specially relies upon paragraph 8 which states, "In lieu of all taxes provided by chapter three hundred seventy (370) for park purposes;".

In seeking the meaning of section 11 of course the entire chapter 159 should be considered, not merely section 11 or paragraph 8 thereof. If reasonably possible, effect should be given every part of the chapter. See Ahrweiler v. Board, 226 Iowa 229, 231, 283 N.W. 889; Eysink v. Board, 229 Iowa 1240, 1243, 296 N.W. 376, 378; Wood Bros. Thresher Co. v. Eicher, 231 Iowa 550, 560, 1 N.W.2d 655, 660; Chappell v. Board of Directors, 241 Iowa 230, 232, 39 N.W.2d 628, 629, and citations; 59 C. J., Statutes, sections 619, 620. When this is done we think paragraph 8, section 11, does not have the effect defendant claims for it.

Yarn v. City of Des Moines, supra, 243 Iowa 991, 997, 54 N.W.2d 439, 442, is conclusive against this contention of defendant. We there considered the effect of paragraph 12, section 10, chapter 159, which reads, "In lieu of the taxes provided by sections thirty-seven point seven (37.7) and thirty-seven point eight (37.8) for memorial halls and monuments." We held in the Yarn case Code section 37.7 was neither repealed nor modified by the provision just quoted nor by chapter 159 as a whole. Further, in the cited case there was no provision involved similar to paragraph 4, section 25, chapter 159, which we will presently quote.

Here paragraph 8 of section 11, chapter 159, does not in clear and unmistakable language confer upon the city council the right to reduce the tax ordered by the voters at the election under Code section 370.7 and certified by plaintiff-board under section 370.8. No mere question of bookkeeping or procedure is presented. What is involved is the claimed right of the council to review the action of plaintiff-board in certifying a tax ordered by the voters for the purchase and improvement of lands for park purposes. It is not contended the limit of five mills under section 11, or the over-all limit of 30 mills under section 2, chapter 159, will be exceeded if the full amount of tax certified by plaintiff is levied. In fact the city conceded in oral argument in this court that neither of such limits would be exceeded.

Section 1, chapter 159, not only confers power on municipalities to cause to be levied the taxes provided by that chapter but also reaffirms their power to cause to be levied such other

taxes "as are specifically provided by law except as modified by the provisions of this Chapter." As the trial court observed in its decision, this is a clear recognition there are or may be municipal taxes provided by law not enumerated in chapter 159 and it is not unreasonable that the legislature would preserve a tax ordered by the voters for the purchase and improvement of land for park purposes by a board elected by the people to perform a task for which they are presumably fitted.

Paragraph 4, section 25, chapter 159, also furnishes clear support for our decision. It states: "Whenever a body charged by law with administering funds for any particular function, shall have been elected by the people, the corporation shall adopt the budget of said body and shall allocate sufficient funds to meet said budget. However, in no event shall levies exceed the limits prescribed * * *." As we have observed, plaintiff-board was elected by the people and it is conceded the limits prescribed will not be exceeded by the levy of a tax of one mill.

Section 25, paragraph 4, thus expressly denies the council the right to reduce the budget of plaintiff-board. We cannot accept the argument that section 11 of the same chapter in effect confers a right upon the council which section 25 denies. It is significant that defendant's argument completely ignores the provisions of paragraph 4, section 25.

We have observed that the record does not show whether in 1951 plaintiff certified in mills or dollars the additional tax approved by the voters. We deem it proper to express our opinion the board's certification should be in dollars. Code section 444.2. The vote of the electors authorized plaintiff to certify an amount not to exceed what one mill would raise when applied to all the taxable property in the city. We also deem it proper to. observe that plaintiff should comply with the provisions of the Local Budget Law, Code chapter 24. As bearing thereon see Chappell v. Board of Directors, supra, 241 Iowa 230, 232, 39 N.W.2d 628. In further support of our holding in this division see Haubrich v. Johnson, 242 Iowa 1236, 1241, 1242, 50 N.W.2d 19, 22, 23.

II. We now consider defendant's contention that plaintiff-board has no power. or authority to maintain this suit and

the trial court was therefore without jurisdiction to render its judgment. As may be inferred from our decision on the merits we cannot agree with this contention.

Establishment of boards of park commissioners such as plaintiff, elected by the voters, has been authorized by statute since 1884 (chapter 151, Acts 20th G.A.). The statutory powers of such boards have been enlarged from time to time until they are now very extensive. Among such powers, in addition to those relating to taxation heretofore mentioned, are the acquisition of real estate by donation, purchase or condemnation, taking title in the name of the board (Code section 370.11) ; exclusive control of all parks; the power to: make contracts, *sue and be sued* (section 370.12), issue bonds (370.15), mortgage real estate (370.17), and prescribe rules and regulations for the government of parks and persons resorting thereto, the willful violation of which shall be a misdemeanor (370.22).

Referring to powers of cities and towns over parks In re Application of Cedar Rapids, 85 Iowa 39, 41, 51 N.W. 1142, states, "It is clear that in cities or towns having park commissioners the exercise of these powers belongs to them exclusively * * *."

Orvis v. Board of Park Commissioners of Des Moines, 88 Iowa 674, 677, 56 N.W. 294, 45 Am. St. Rep. 252, holds indebtedness incurred by a park board elected pursuant to chapter 1, Acts 24th General Assembly, must be included within the city's indebtedness for the purpose of the debt limit prescribed by section 3, Article XI, Iowa Constitution. In discussing the nature and powers of such a board we say:

"The board is, in express terms, invested with full control of the parks in the city. In a word, it may be said that, aside from the selection of the commissioners, the city government, as distinct from the board, is divested of all authority in relation to the parks of the city. We think it very manifest that the board is, by the act, invested with corporate authority independent of the city government, that is, the general government of the city, while it seems to be in aid of it."

Des Moines Park Board v. City of Des Moines, 228 Iowa 904, 907, 290 N.W. 680, 681, holds the Des Moines park board

had no capacity to sue the city in a dispute as to whether the board or the city council had the right to hire a custodian of a cemetery. However the Des Moines park board was established pursuant to Code chapter 371 (chapter 293-D1, Code, 1935) which up to now has applied only to Des Moines. It was not elected by the voters but was appointed by the mayor. One member must be a member of the city council (Code section 371.3). It has no statutory power to sue and has few of the other powers conferred on boards elected by the voters under chapter 370.

This language from the opinion last cited indicates such a board as plaintiff has the power to sue (page 907 of 228 Iowa): "So far as we have been able to determine wherever it has been the purpose of the legislature to authorize any of the agencies of government to proceed independently of parent municipality, the power to sue or be sued has been expressly given. See Code sections 5738 (cities and towns); 5798 (park commissioners) * * *." Section 5798, Codes 1935, 1939, is section 370.12, Code, 1950.

We are clear plaintiff-board is legally entitled to maintain this action.

III. We will consider briefly defendant's remaining contention although it might be ignored. The declaratory judgment order recites: "The Court understands plaintiff is * * * duly incorporated as a municipal corporation under the Acts of the legislature and by vote of the people." Defendant argues plaintiff is not a municipal corporation and this recital or finding is erroneous and should be reversed.

Olson v. District Court, 243 Iowa 1211, 55 N.W.2d 339, and citations, point out that in its strict and proper sense municipal corporations include only cities and incorporated towns with powers of local self-government, but in common speech the term includes all public or political corporations having corporate powers. Under this test of course plaintiff-board is not a municipal corporation in the strict sense although, as we said in Orvis v. Board of Park Commissioners of Des Moines, supra, 88 Iowa 674, 677, 56 N.W. 294, 45 Am. St. Rep. 252, it is invested with corporate authority.

However, if the above recital or finding (if it is such) is erroneous it entitles defendant to no relief here, since, as we have held, the judgment is right. The recital is not essential to the decision or judgment and is deemed not prejudicial to defendant. See Independent School Dist. v. Iowa Emp. Sec. Comm., 237 Iowa 1301, 1311, 25 N.W.2d 491, 497, 498; Roth v. Headlee, 238 Iowa 1340, 1348, 29 N.W.2d 923, 927, and citations; In re Estate of Tone, 240 Iowa 1315, 1320, 1321, 39 N.W.2d 401, 404, 405.—Affirmed.

SMITH, C. J., and BLISS, WENNERSTRUM, HAYS, THOMPSON, and LARSON, JJ., concur.

MULRONEY and OLIVER, JJ., specially concur.

MULRONEY, J. (specially concurring)—I concur specially in the majority opinion. The issues in the case are a little confusing to me but in the main appellant contends it has the right to review the budget requirements of the park board, when the budget request does not exceed the statutory limit of one mill, and the board has no legal power or authority to maintain this suit against the city. The trial court held against these contentions and to that extent his judgment should be affirmed. The reason the city cannot review the park board's budget request when it does not exceed one mill for the purpose of purchasing real estate for park purposes and permanently improving the same is because paragraph 4, section 25, chapter 159, Acts of the Fifty-fourth General Assembly, specifically so provides.

The majority here, as in the opinion in the Yarn case, reaches the same result by holding sections 370.7 and 370.8, Code, 1950, were not superseded, modified or repealed by chapter 159, Acts 54th G.A., and paragraph 4 of section 25, chapter 159, merely "furnishes support" for its decision.

The majority correctly points out that the full one-mill levy involved would not exceed the 30 mills under section 2 or the 5-mill recreation levy allowed by section 11, chapter 159, Acts 54th G.A. But the majority does not state the levy is to be a part of the five-mill recreation levy. This part of the case is exactly like the Yarn case, and, on the basis of what I said by way of special concurrence in that case I think we should

state the levy in question should be part of the recreation levy.

I do not concur in the statement in the majority opinion that section 370.8 places the mandatory duty on the park board to certify and cause to be collected the additional tax during all the years for which the same has been approved and ordered by the voters.

The proposition voted upon was: "Shall the Board of Park Commissioners of the City of Marshalltown be *authorized* to levy and certify for collection a further additional tax for Park Purposes, not exceeding one mill * * *." (Italics supplied.)

This is exactly like the proposition voted upon in Chappell v. Board of Directors, 241 Iowa 230, 231, 39 N.W.2d 628, 629, and what we said in that case is particularly applicable here. There we said: "It will be noted this authority is permissive— the directors are *authorized*. This authority empowers the directors, at their discretion, to levy an amount not exceeding two and one-half mills in any one year. The authorization is limited to a period of ten years."

OLIVER, J., joins in this special concurrence.