FRANCIS W. SUEPPEL et al., appellants, v. CITY COUNCIL OF IOWA CITY et al., appellees.

No. 51745.

(Reported in 136 N.W.2d 523)

JULY 29, 1965.

REHEARING DENIED SEPTEMBER 21, 1965.

William L. Meardon, Ansel Chapman and Robert N. Downer, all of Iowa City, for appellants.

Jay H. Honohan, City Attorney of Iowa City, for appellees.

SNELL, J.—This is an action at law instituted by the members of the Park Commission of the City of Iowa City against the city council of Iowa City, the members thereof and others. Plaintiffs asked for a writ of certiorari to hold for naught the action of said council abolishing the Park Commission and establishing a new Park and Recreation Commission in Iowa City.

The issue is whether under section 363C.15, Code of Iowa, the city council of Iowa City has power to abolish the Park Commission which had existed with elected members pursuant to chapter 370, Code of Iowa.

The trial court upheld the existence of this power and sustained the council's action abolishing the Park Commission and establishing a new Park and Recreation Commission.

The facts were stipulated and are not in dispute.

The City of Iowa City is a municipal corporation of over 30,000 population, with council-manager government pursuant to chapter 363C, Code of Iowa. A Park Commission had been established pursuant to the provisions of chapter 370, Code of Iowa, and prior to the adoption of the council-manager plan of government. Plaintiffs are the duly elected, qualified and serving members of said Park Commission.

Chapter 370, Code of Iowa, provides that there shall be elected in all cities over thirty thousand population three park commissioners. Park commissioners under this chapter have rather broad authority including the power to determine and fix, within statutory limits, the tax rate to be levied by the city council and appropriated for general park purposes. Board of Park Commissioners v. Marshalltown, 244 Iowa 844, 853, 58 N.W.2d 394.

Chapter 377, Code of Iowa, authorizes a Playground and Recreation Commission. Section 377.2 authorizes a council to confer on such commission all or any part of its powers in relation to the equipment, maintenance and conduct of any recreation building, playgrounds and recreation centers. Such a commission may be abolished by ordinance.

Chapter 363C, Code of Iowa, does not provide for autonomous power by independent commissions.

Iowa City has adopted a council manager by popular election form of government under the provisions of chapter 363C, Code of Iowa. This chapter provides for government by a five-member council elected at large. Council members elect a mayor from their own group and appoint other officials including a city manager. Section 363C.3 provides that the manager shall be the administrative head of the municipal government.

Section 363C.15 provides:

"Termination of minor positions. Except the members of the library board, whose terms of office shall continue as now provided by law, the terms of office of all other officers, including park commissioners and waterworks trustees, whether elected or appointed, and of all employees of such city or incorporated town, shall be subject to the action of the council or manager."

On September 15, 1964, the city council, pursuant to section 363C.15, Code of Iowa, enacted Iowa City Ordinance No. 2301 abolishing the Park and the Playground and Recreation Commissions and establishing a new Park and Recreation Commission, with members to be appointed by the mayor with approval of the council. The effective date of Ordinance No. 2301 was January 1, 1965. On December 1, 1964, the defendants Norton, Cilek, Osmundson, Allen, Brandt, Buxton and Cretzmeyer were appointed to the new Park and Recreation Commission, but no powers, duties, rights or prerogatives vested in said appointees prior to January 1, 1965, if ever.

Plaintiffs, members of the abolished Park Commission, challenged the legality of the council's action, sought and obtained a stay of proceedings and a writ of certiorari. After trial in district court the ordinance was held valid and legal, the temporary injunction was dissolved and the writ annulled. Plaintiffs have appealed.

The Park and Recreation Commission established by City Ordinance No. 2301 is a planning and integrating group representing various governmental agencies with broad responsibilities in several areas but without autonomous powers.

The ordinance also established a department of parks and recreation to be integrated into and made a part of the regular city administration. Provision was made for the appointment of a director by the city manager after consultation and coordination with and upon the recommendation of the Park and Recreation Commission and subject to the approval of the city council. It was stipulated that all procedural matters in connection with passage and publication of the ordinance were in compliance with the law.

I. Plaintiffs contend that under section 363C.15, Code

of Iowa, the city council has no power to abolish the Board of Park Commissioners but may only determine the length of the term of office.

That is not what the statute says. The statute says that the terms of members of a library board shall continue "as now provided by law." The terms of all other officers "including park commissioners * * * shall be subject to the action of the council or manager."

If the term of a park commissioner is subject to the action of the council or manager, as the statute says, it could be shortened to nothing and thus terminated. The park commission would thus be made ineffective. It would be anomalous to hold that the council could accomplish a de facto but not a de jure abolishment.

When the voters of Iowa City by popular election established a council-manager form of government they vested governmental power in the council and manager and, except where limited or otherwise provided by statute, divested the authority of former officers and agencies.

II. As brief point I plaintiffs argue that the purpose of statutory interpretation is ascertainment of legislative intent. We agree. All rules of statutory construction are for that purpose. Bergeson v. Pesch, 254 Iowa 223, 228, 117 N.W.2d 431. "Courts may not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute. * * * 'courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said.'" Bergeson v. Pesch, supra, loc. cit. 227.

When the legislature said in section 363C.15 that the terms of elected officers "shall be subject to the action of the council", some action such as was taken here must have been contemplated.

III. As brief point II plaintiffs argue that it is mandatory that Iowa City have a statutory park commission consisting of elected members. That is true under chapter 370, Code of Iowa, unless section 363C.15 authorizes a council in council-manager city governments to provide otherwise. A city manager does not automatically by virtue of a change in form of government assume responsibility for parks administered by a park commis-

sion. In section 363C.7 setting forth the duties of a city manager there is an exception relating to park commissioners. Unless there is authority to terminate the positions under section 363C.15 elective park commissions continue.

Plaintiffs cite and rely on Hansen v. Henderson, 244 Iowa 650, 56 N.W.2d 59, and Board of Park Commissioners v. Marshalltown, supra. In neither case was the same question involved as here.

The Hansen case involved a commission form of government. The council established a Board of Waterworks. Trustees and then attempted to abolish the Board on the ground that it had not been legally established. We held that under the statutes involved such a Board was mandatory, the appointments of trustees were valid and effective, the terms fixed by statute, and there were no statutory provisions for abolishment. No such statute as section 363C.15 was involved.

In Board v. Marshalltown, supra, the issue was not whether a city must have an elected park commission. The case involved the authority of the commission to certify the amount of tax to be levied. The city claimed the statute authorizing certification of taxes by the park commissioners was repealed by implication. We held otherwise and followed the general rule that repeals by implication are not favored by the courts. We then said: "The general rule is that if by any fair and reasonable construction prior and later statutes can be reconciled both shall stand." Loc. cit. 850 of 244 Iowa.

Chapter 363C does not expressly nor by implication repeal chapter 370. The two provisions involved here can be reconciled. Chapter 370 is a special chapter relating to park commissioners in cities over thirty thousand population. For such cities section 370.1 provides that there shall be three park commissioners with staggered six-year terms.

Chapter 363C is a special chapter devoted to cities adopting a council-manager form of government by popular election. Section 363C.15 applies only to such cities and in such cities only makes terms of elected officials subject to the action of the council or manager. This distinction is illustrated by noting the difference in authority between city-manager governments estab-

lished by popular election and the office of city manager established by ordinance. Chapter 363D provides for a city manager by ordinance but contains no such provision as to elective officers as appears in 363C.15.

Section 363C.15 is a reconcilable exception to chapter 370 and when the statutes are so construed both still stand.

IV. Plaintiffs claim as brief point III that the court cannot accomplish by implication what the legislature expressly refused to do, viz.: authorize the abolishment of an elected park commission. We find nothing in the statute indicating that the legislature refused to grant such authority to council-manager city governments. To the contrary we think the legislature in chapter 363C granted authority to council-manager city governments to do what was done here.

Plaintiffs argue and rely on chapter 273, Laws of the Fifty-eighth General Assembly, amending and now appearing as part of sections 365.3, 370.1, 373.1, 374.3 and 377.2, Code of Iowa 1962. No part of this Act as enacted or as now appearing in the Code refers to or applies to section 363C.15 or to the authority granted thereunder. The Act authorizes procedure for abolishment of civil service commissions in cities under eight thousand population, park commissioners in cities under thirty thousand population, city plan commissions, community center boards and playground and recreation commissions. There apparently had been no procedure therefor. Park boards in city-manager governments were already "subject to the action of the council or manager," by virtue of section 363C.15 and further action was unnecessary. Failure of the legislature to refer again to such situations does not have the significance claimed by plaintiffs.

V. Plaintiffs argue as brief point IV that the term of office may be subject to the action of the council or manager but that this refers to the fixed period of time an incumbent holds office and not to the abolition of the office itself.

To so construe the statute in the case at bar would make it meaningless and at the same time destroy the actual operative authority of the park commissioners. If the terms were too short to be effective the commission could accomplish nothing.

In Schanke v. Mendon, 250 Iowa 303, 309, 93 N.W.2d

749, we quoted from 67 C. J. S., Officers, section 42, as follows: " ' "term of office" is * * * generally * * * the fixed period of time for which the office may be held; the period designated by the constitution or statute as the time during which the office may be held * * *.' "

In 67 C. J. S., Officers, section 54(1), it is said:

"It has been laid down broadly that a public officer, regardless of the form of the statute under which he takes office, enjoys a privilege revocable by the sovereignty at will and that the incumbent of a public office possesses only such right to it as the laws of tenure give to him. A constitutional officer has the right, however, to perform the duties of his office until he is legally removed from office or is legally disqualified to act."

In Eckerson v. City of Des Moines, 137 Iowa 452, 481, 482, 115 N.W. 177, we said:

"Public offices are created in the interests of the general public, and not for the benefit of any individual. And no one in possession of an office has a constitutional right to remain therein for the full period of the term for which he was elected. * * * And as no contract right exists in favor of the incumbent of an office, it does not remain for him to quarrel with the method of procedure adopted. In the case of a statutory office, the Legislature may even abolish the office, and with the taking effect of the law providing therefor the right of the incumbent to further act ceases eo instanti, notwithstanding the term for which he was elected has not expired."

The word "term" in a legal sense means the fixed and definite period of time which the law describes that an officer may hold an office. Wilson v. Shaw, 194 Iowa 28, 36, 188 N.W. 940.

In the case before us the legislature has made the terms of office of plaintiffs subject to the action of the council. The council has acted and plaintiffs now have no terms.

VI. The trial court in a careful review of the history of applicable statutes said:

"Section 363C.15 has been a part of the Code of Iowa since about 1915 where it appeared in the 1915 Supplemental Supplement as a part of Section 1056b3, being followed by other provisions relative to the Council having power to determine the

1358

tenure of office of any officer appointed by it and the City Manager having the power to determine the tenure of office or the term of employment of anyone appointed by him. These provisions came into the Code of 1924 and followed on down through the various Codes of Iowa to and including the Code of 1950 where Section 363C.15 appeared as 419.15, while the provision relative to the Council determining the tenure of office of any officer or the term of employment of any employee that it was authorized to appoint appeared as Section 419.16, while Section 419.17 authorized the City Manager to determine the tenure of office of any officer or the term of employment of any employee that he was authorized to appoint or employ. In 1951 the 54th G. A. attempted to rectify and rearrange much of the law pertaining to municipalities. That General Assembly repealed Sections 419.16 and 419.17 evidently because the Legislature felt that Section 419.15 served the purpose of all three sections. However, Section 419.15, being Section 363C.15 of the Code of 1962, was not repealed.

"In the Code of 1950 we also find Section 419.70, which provided that the provisions of Chapter 370, being the Chapter with reference to the establishment of Park Boards composed of three Park Commissioners, in all cities over 30,000 population,

" 'shall be applicable to and be in force in cities and towns organized under the provisions of this chapter (Council-Manager government) to the same extent and effect that such provisions are applicable to and in force in cities and towns of the same class organized under the general laws of the state, except as changed or modified by this chapter. The board of park commissioners shall have and may exercise all powers conferred upon them by the provisions of this chapter, except as herein changed or modified.'

"Remember, the above quoted statutory provision had been a part of the law of Iowa for many years. In 1951 the 54th G. A. expressly repealed that section. Prior to the Acts of the 54th G. A. there had been no provision in Chapter 419 (now 363C) providing that the City Manager should manage or supervise parks. The 54th G. A. in 1951 amended Chapter 419 by adding the following with reference to the City Manager's duties:

" 'He shall manage all municipal parks, airports and ceme-teries, and all municipal water, lighting, heating, or power plants, and transportation enterprises, except those operated under boards of trustees or other board or commission at the time the Council-Manager form of government is or was adopted, or placed there by subsequent election. If a board or commission is abolished or ceases to exist, management theretofore exercised by such board or commission shall thereupon vest in the man-ager. This exception shall also apply to permanent park boards in cities now or hereafter having a population of 125,000 or more, according to the last or subsequent federal census.'

"The above quoted Sub-section 11 of Section 7 from Chapter 164 of the Acts of the 54th G. A. is so worded as to include parks and park boards in any and all cities operating under Council-Manager form of government. If the repeal of Section 419.70 and enactment of the last quoted provision of the Acts of the 54th G. A. do not provide that cities under Council-Manager form of government can abolish the office of Park Commissioners or Park Boards, then the said repeal of Section 419.70 and the enactment by the 54th G. A. just referred to are meaningless."

We agree and affirm the trial court.

The case is—Affirmed.

GARFIELD, C. J., and HAYS, THORNTON, MOORE and STUART, JJ., concur.

LARSON, MASON and RAWLINGS, JJ., take no part.